UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARRELL P. SPILLERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:13-cv-01081-WTL-DML |
| STATE OF INDIANA, | ) ) ) |
| Defendant. | ) ) |

**Entry Discussing Amended Complaint and Directing Entry of Final Judgment**

Plaintiff Darrell P. Spillers has been given multiple opportunities to file a viable complaint. *See i.e.*, Entries of July 29, 2013, and August 20, 2013. Now before the Court is Spillers' motion to amend complaint. This motion [dkt. no. 24] is **granted.** The motion itself is understood to be the amended complaint.

In the amended complaint (and throughout this civil rights litigation) Spillers erroneously refers to himself as the petitioner and the State of Indiana as the respondent. Given the original allegation of a constitutional tort, Spillers is understood to be the plaintiff and the State of Indiana the defendant. No other defendants are named. The amended complaint alleges 1) a tort claim against the State of Indiana; and 2) that his constitutional rights were violated by the judge and public defender in his state court criminal proceeding resulting in his current illegal incarceration. He seeks release from prison and money damages.

## Discussion

Spillers is a Aprisoner@ as defined by 28 U.S.C. ' 1915(h). This means that the amended complaint is subject to the screening requirement of § 1915A(b). Pursuant to this statute, "[a]

complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. Spillers states that he seeks release from custody through this action. The court is not at liberty to convert that portion of this civil rights action to a claim for habeas corpus relief. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton,* 96 F.3d 1038 (7th Cir. 1996). Accordingly, Spillers' claim for release from custody fails to state a claim upon which relief can be granted and is **dismissed without prejudice**. Nothing in this Entry prohibits Spillers from filing a petition for writ of habeas corpus in a new civil action.

Spillers also requests money damages for the loss of government benefits during his incarceration. Such a claim is necessarily brought pursuant to 42 U.S.C. § 1983. However, Spillers has failed name a plausible defendant from which he could recover on this claim. First, the State of Indiana has immunity under the Eleventh Amendment. *See* dkt. no. 13. Second, the judge assigned to his state criminal case is immune from civil suit arising out of the exercise of his judicial function. *See Mireles v. Waco*, 502 U.S. 9 (1991). Finally, Spillers' public defender does not meet the "under color of state law" requirement of § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981)(public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case).

In addition, Spillers could not prevail on his claim of being held beyond the date he was entitled to be released without thereby establishing his entitlement to have been released at some point prior to the filing of his complaint and that his custody is unlawful. This would impugn the validity of his continued confinement, which in turn triggers the rule of *Heck v. Humphrey,* 512

U.S. 477 (1994). Where "success in a . . . [42 U.S.C. §] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citing to *Heck*). "[U]nder *Heck*, a § 1983 claim for damages is not cognizable (*i.e.* does not accrue) if a judgment in favor of the plaintiff on that claim 'would necessarily imply the invalidity of [the plaintiff's] conviction or sentence.'" *Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 896-97 (7th Cir. 2001)(citing *Heck,* 512 U.S. at 487).

## Conclusion

For the reasons explained above, therefore, the amended complaint fails to survive the screening required by § 1915A because it fails to state a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/11/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DARRELL P. SPILLERS
DOC # 984177
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135